UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

VICTOR HERNANDEZ,

        Petitioner,

  -v-                                       No. 10-CR-1288-LTS
                                                  No. 16-CV-4749-LTS

UNITED STATES OF AMERICA,

        Respondent.

--------------------------------------------------------x

ORDER

        The Court has reviewed carefully Petitioner's request to dismiss his pending § 2255 motion without prejudice (docket entry no. 58) and the Government's opposition thereto (docket entry no. 61), as well as the supplemental letter from Petitioner's counsel, dated April 12, 2019 (docket entry no. 63). For the following reasons, Petitioner's request is granted, and his motion is dismissed without prejudice.

        The record before the Court provides no indication that Petitioner himself sought to invoke the remedial provisions of 28 U.S.C. § 2255. Rather, as indicated by Petitioner's counsel in his April 12, 2019, letter, Petitioner's motion to vacate was filed pursuant to the "agreed-upon protocol for 'placeholder' petitions" set forth in the Court's June 8, 2016, Standing Order ("June Standing Order," docket entry no. 47). The June Standing Order describes an agreement between the United States Attorney's Office and the Federal Defenders of New York to allow prisoners potentially affected by the United States Supreme Court decision in Johnson v. United States, 135 S. Ct. 2551 (2015), to file barebones petitions in order to preserve the timeliness of their claims, while "allow[ing] the Court of Appeals to clarify the application of Johnson to particular issues so that the District Court may render consistent rulings, and

[avoiding] the District Court and the parties from being overwhelmed by the filing of hundreds of habeas petitioner on this issue at one time." (June Standing Order at 1.)

Because the June Standing Order contemplated that the "placeholder" petitions would be supplemented with "a brief that more fully sets forth the basis for the requested relief," and because, here, Petitioner's motion has not developed beyond a "placeholder" petition, a determination on the basis of the placeholder petition that Petitioner's motion lacks merit would be premature, although requiring the parties to devote additional time and resources would not appear to be in the interests of efficiency and judicial economy. Further, the Court finds it appropriate to look to the Federal Rules of Civil Procedure for guidance in this case, and, applying the principles enumerated in Rule 41 and the Second Circuit's decision in <u>Zagano v. Fordham University</u>, 900 F.2d 12, 14 (2d Cir. 1990), finds that dismissal without prejudice is appropriate here, where Petitioner has not delayed in moving to withdraw his motion, and there is no discernable prejudice to the Government.

For the foregoing reasons, Petitioner's motion to vacate is dismissed without prejudice. This Order resolves docket entry nos. 46 and 58 in case no. 10-CR-1288. The Clerk of Court is respectfully directed to close case no. 16-CV-4749.

SO ORDERED.

Dated: New York, New York
April 16, 2019

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge